**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOSE CYNTHIA FALCON,** | § | |
| **TDCJ #02412222,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **SA-24-CV-01320-JKP** |
| | § | |
| **BRYAN COLLIER, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court are Plaintiff Jose Cynthia Falcon's Amended Complaint (ECF #13), Falcon's More Definite Statement (ECF #16), and Defendants Bobby Lumpkin, Edmundo Cueto, Cory Harris, Sabrina Masseau, and Timothy Fitzpatrick's Amended Motion to Dismiss (ECF #42).[1] Falcon did not respond to the amended motion to dismiss. Falcon is proceeding pro se and has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Falcon was confined in the Texas Department of Criminal Justice—Correctional Institutions Division. However, on February 17, 2026, Defendants received notice that Falcon had been released from custody. On March 13, 2026, the Court received a change of address notice from Falcon confirming that he was no longer in TDCJ custody (ECF #43).

---

[1] The Court previously dismissed Falcon's claims against the Texas Department of Criminal Justice and the Forge Reentry Program for want of jurisdiction (#18).

1

Falcon contends that he removed from the Forge Program because he identifies as transgender. Falcon contends that the program is for inmates who are within 180 days of release and helps them secure housing, look for jobs, and obtain identification materials. Falcon contends that participants in the Forge Program also live in a dorm-style living area in the prison. Falcon asserts that prison officials stated that transgender inmates cannot participate in the Forge Program. Falcon argues this is a violation of his constitutional rights. Falcon seeks injunctive relief requiring Defendants to cease discriminating against him and all other transgender inmates by accommodating their participation in the Forge Program. Falcon also requests that he be allowed to choose whether to shower in the communal shower or in private. In his amended complaint, Falcon requested injunctive relief, along with both compensatory and punitive damages. ECF #13 at 9. However, in his more definite statement Falcon stated that he wished to "remove any request for monetary damages" and that he was only seeking injunctive relief. ECF #16 at 2. Because Falcon seeks only injunctive relief, Defendants are only being sued in their official capacities.

Defendants filed a motion to dismiss on February 19, 2026, asserting that Falcon lacks standing to bring claims on behalf of other inmates and, now that he has been released, his claims for injunctive relief on behalf of himself are moot. Falcon did not respond.

DISCUSSION AND ANALYSIS

A.    <u>Motion to Dismiss</u>

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A finding that the court lacks subject matter

jurisdiction may be based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera—Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

B.      Mootness

Article III of the Constitution limits federal-court jurisdiction to actual controversies and live controversies. U.S. Const., Art. III, § 2. The actual controversy requirement must exist "at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006) (per curiam). A claim is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Because a moot case presents "no Article III case or controversy, a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

Where, as here, an inmate seeks only injunctive relief, his release from prison moots his claims. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that inmate's request for injunctive and declaratory relief became moot when inmate was transferred out of the complained-of prison facility); *Walters v. Livingston*, 642 F. App'x 416, 418 (5th Cir. 2016) (per curiam) (affirming dismissal of prisoner's freedom-of-religion claims as proper because inmate's claims became moot upon his release from prison); *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (affirming dismissal of claims seeking injunctive relief when inmate was no longer housed at complained-of prison facility). Therefore, Falcon's claims for injunctive relief seeking

his reinstatement in the Forge Program and that he be allowed to choose whether to shower in the communal shower or in private are moot. Falcon was released from prison and thus cannot participate in a program for incarcerated individuals. Further, Falcon's showering choices are no longer dictated by prison authorities. Consequently, there is no remaining live issue or controversy, and, because he has been released from prison, Plaintiff's claims are moot and the Court lacks jurisdiction to resolve his complaint.

C.      Standing

To the extent Falcon is attempting to assert claims on behalf of other inmates or seeks injunctive relief affecting all transgender inmates, the Court finds he lacks standing to do so. People claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986). In *Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011), for example, the court held that, "to the extent that [the plaintiff] seeks to raise issues regarding the illegal confinement of other prisoners . . . , he lacks standing to bring those claims."). Therefore, to the extent that plaintiff seeks injunctive relief on behalf of other inmates, his claims are dismissed because he has no standing to assert such claims. *See Warth v. Seldin,* 422 U.S. 490, 499 (1975).

5

<u>CONCLUSION</u>

It is therefore **ORDERED** that Defendants Bobby Lumpkin, Edmundo Cueto, Cory Harris, Sabrina Masseau, and Timothy Fitzpatrick's Amended Motion to Dismiss (ECF #42) is **GRANTED**.

**SIGNED** on this 8th day of April 2026.

JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE